UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00184-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TYRONE LARRY SMITH (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendant Tyrone Larry Smith's ("Defendant Smith") Motion to Continue Trial and All Related Deadlines. See Record Document 95. Defendant Smith states that he has been to the law library once since May 26, 2016. See id. at 1. Later, in the same motion, he states that he has been "allowed [to use the law library] once a week for an hour each time." Id. at 2. He also complains that he has been unable to make copies due to his indigent status, "unless fellow inmates purchase these copies for him." Id. He argues that his failure to visit the law library more frequently and his inability to make copies prevents access to the court and is detrimental to his defense. See id. at 2-3. Defendant Smith seeks a continuance on these grounds and waives his right to a speedy trial. See id. at 3.

"The United States Supreme Court has clearly warned that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996), citing Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498 (1977). The Degrate court noted that in accordance with Bounds, "many

federal circuit courts have held that a prisoner who knowingly and voluntarily waives appointed representation by counsel in a criminal proceeding is not entitled to access to a law library." Degrate, 84 F.3d at 769, citing U.S. v. Smith, 907 F.2d 42, 45 (6th Cir.) (state does not have to provide access to a law library to defendants who wish to represent themselves), *cert. denied*, 498 U.S. 986, 111 S.Ct. 521 (1990); U.S. ex rel George v. Lane, 718 F.2d 226, 233 (7th Cir.1983) (state was not required to offer a defendant law library access once it offered the defendant assistance of counsel, which the defendant declined); U.S. v. Wilson, 690 F.2d 1267, 1271 (9th Cir.1982) (a prisoner's Sixth Amendment right to self-representation does not include a right to conduct research at the government's expense), *cert. denied*, 464 U.S. 867, 104 S.Ct. 205 (1983); Kelsey v. State of Minn., 622 F.2d 956, 958 (8th Cir.1980) (holding that prisoner's constitutional right of access to courts did not obligate officials to provide him with an adequate law library where alternative means of satisfying access to courts were available); U.S. v. Chatman, 584 F.2d 1358, 1360 (4th Cir.1978) (obligation to provide access to the courts was satisfied by offering the defendant the assistance of counsel). The Fifth Circuit agreed with the other circuits and held "that, having rejected the assistance of court-appointed counsel, [a criminal defendant] had no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial." Degrate, 84 F.3d at 769.

Based on Degrate, which is binding precedent, the grounds set forth in Defendant Smith's motion are insufficient to justify a continuance. However, in light of the ramifications of the severance and the potential for a bench trial in lieu of a jury trial, this Court will **GRANT** a continuance in this matter. The Court found that the ends of justice served by granting the continuance outweigh the best interests of the public and the

defendant in a speedy trial.  <u>See</u> 18 U.S.C. § 3161(h)(7)(A).  Specifically, the Court notes that the failure to grant such a continuance in this case would deny counsel for the defendant and/or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  <u>See</u> 18 U.S.C. § 3161(h)(7)(B)(iv).  Thus, the jury trial in this matter is **RESET** for the week of July 25, 2016 and is second on the Court's docket.

In light of the continuance, the Court **RESETS** the following pretrial deadlines:

**<u>Monday, July 11, 2016</u>**

- The Government shall file its exhibit list.

- Proposed voir dire by all parties shall be filed.

**<u>Friday, July 15, 2016</u>**

- Stipulations shall be filed.

- Objections to specific proposed jury instructions and/or proposed voir dire questions shall be filed.

- Proposed jury verdict form shall be filed.

- Witness list and glossary of all names and unusual terms shall be submitted to the court reporter, **Marie Runyon (Room 4212)**.  Real-time is available by arrangement with Mrs. Runyon, who may be contacted at 934-4756.

- Counsel shall submit a PDF version of all exhibits to Denise McDonnell.

**<u>Wednesday, July 20, 2016</u>**

- Counsel shall submit one paper copy of trial exhibits and an exhibit list to Chambers and one paper copy of trial exhibits and an exhibit list to the courtroom deputy, Denise McDonnell.  Paper copies shall be in a three-ring binder, with each exhibit separated by a numbered tab.

- Counsel shall submit to Chambers and exchange any charts and/or diagrams to be used at trial.

**Friday, July 22, 2016**

- Courtesy copy of witness lists (to be read to jury venire) shall be submitted to Chambers.

**STANDING TRIAL ORDERS:**

- The Court will make the jury questionnaires available to the parties at **8:00 a.m.** on **Monday, July 25, 2016**. The jury questionnaires may be picked up from the Clerk's Office. The United States Marshal Service will provide a copy to Defendant Smith. Counsel, including pro se Defendant Smith, are advised of the privileged nature of that information and that it shall not be copied or shared with anyone. Jury questionnaires MUST be returned to Denise McDonnell after jury selection.

- Counsel shall be prepared in the courtroom at **8:30 a.m.** on the **first day of trial**.

Accordingly,

**IT IS ORDERED** that Defendant Smith's Motion to Continue Trial and All Related Deadlines (Record Document 95) is **DENIED** on the grounds asserted in the motion. However, the Court **GRANTS** the continuance on other grounds, as set forth in the instant ruling. The trial in this matter is **RESET** for the week of July 25, 2016.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of June, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE