UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00184-01/02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TYRONE LARRY SMITH (01)<br>LACOYA WASHINGTON (02) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

On June 14, 2016, this Court entered a Memorandum Order (Record Document 88) granting Defendant Lacoya Washington's ("Washington") motion to sever trial. At that time, both Washington and her co-defendant Tyrone Larry Smith ("Smith") were to be tried by a jury. After hearings on June 23 and 24, 2016, this Court granted motions to waive jury trial and both defendants are now set for bench trial the week of July 25, 2016. See Record Documents 110 & 114.

In light of the conversion from jury trial to bench trial, the Government has now filed a Motion for Reconsideration of Severance. See Record Document 133. The basis of the motion is that the risk of undue spill-over prejudice against Washington from possible actions by Smith in front of a jury has been eliminated, as the case will be tried by the Court alone. See id. at 1. Washington opposes the motion, arguing that the spill-over effect is not entirely eliminated; Washington will be subjected to cross-examination by Smith; and there is the potential for Bruton violations. See Record Document 134 at 1-2.

The Court finds that the Government has shown that severance in this matter is no longer warranted. The undersigned is fully able to control any courtroom outbursts by Smith and the potential for spill-over prejudice is eliminated. The Court is also sensitive to

the minor victim in this matter and holds that one trial will serve judicial economy and obviate the need for the minor victim to testify in two separate trials. Moreover, the Fifth Circuit has held that Bruton is inapplicable to bench trials. See U.S. v. Cardenas, 9 F.3d 1139, 1155-1156 (5th Cir. 1993). The Court's previous basis for severance under Rule 14 is now without merit and the Government's Motion for Reconsideration of Severance (Record Document 133) is **GRANTED**. The severance order issued on June 14, 2016 (Record Document 88) is **RECALLED** and Defendants Smith and Washington are hereby **REJOINED** for trial.

  **IT IS SO ORDERED.**

  **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of June, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE