**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00184-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TYRONE LARRY SMITH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Recusal (Record Document 281) filed by the defendant, Tyrone Larry Smith ("Smith"). Smith seeks recusal of the undersigned pursuant to 28 U.S.C. § 455(a) and (b)(1). The Government opposes the motion. See Record Document 297. For the reasons set forth below, the Motion to Recuse is **DENIED**.

Section 455(a) provides that "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) provides that a judge "shall also disqualify himself . . . where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Here, Smith moves for recusal under both aforementioned sections, arguing "this Court has already determined issues relating to his culpability both during the bench trial in this matter and at the sentencing hearing." Record Document 281 at 1. More specifically, Smith contends that the undersigned "has already made substantial credibility determinations and findings of fact relative to the exact same scenario presented currently." Id. at 3. Smith believes this Court has "prejudged" him, "is biased against him," and "has formed a negative opinion of [him]." Id. at 4. Smith maintains that recusal is appropriate because this Court is no longer an impartial arbiter. See id. at 5.

All grounds for recusal cited by Smith focus on judicial rulings and/or remarks. He has not alleged any extrajudicial factors for recusal.

In Liteky v. U.S., 510 U.S. 540, 114 S.Ct. 1147 (1994), the Supreme Court addressed the circumstances which could necessitate the recusal of a judge for "impartiality," pursuant to Section 455(a), or for "bias or prejudice," pursuant to Section 455(b)(1). The Liteky court noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 555, 114 S.Ct. at 1157. The Liteky court further explained:

> In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration— remain immune.

Liteky, 510 U.S. at 555-556, 114 S. Ct. at 1157. The Liteky court specifically addressed remands, holding that "it has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." Id. at 551, 114 S.Ct. at 1155.

Here, all of Smith's grounds for recusal are based on judicial rulings or judicial remarks made during the bench trial or sentencing hearing. To the extent any opinion was formed by the undersigned about Smith, "it was a proper and appropriate opinion acquired in the course of judicial proceedings, in reliance on information learned during the proceedings." U.S. v. Mizell, 88 F.3d 288, 300 (1996).[1]  Moreover, on remand, this matter will be tried to a jury of Smith's peers, thereby removing the undersigned as the finder of fact. It will be the jury's domain to assess the credibility of witnesses and to determine guilty or innocence. Thus, having fully considered both Smith's argument and the applicable law, this Court finds that a reasonable person, being fully advised of the facts, would not harbor doubts regarding this Court's impartiality. Smith has failed to demonstrate actual or perceived bias or prejudice. Recusal under Section 455(a) or Section 455(b)(1) is not required in this instance. Smith's Motion for Recusal (Record Document 281) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of November, 2018.

*[signature]*
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] "The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task. As Judge Jerome Frank pithily put it: 'Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions.'" Liteky, 510 U.S. at 550-551, 114 S.Ct. at 1155, *citing* In re J.P. Linahan, Inc., 138 F.2d 650, 654 (2nd Cir. 1943).