**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00184-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TYRONE LARRY SMITH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are two motions: (1) a Motion in Limine to Exclude Evidence (Record Document 299); and (2) a *pro se* Motion in Limine to Exclude Evidence (Record Document 331). The Government has opposed the first Motion in Limine. See Record Document 307.

The first Motion in Limine moved the Court, in limine, for an order to exclude the prior trial testimony of the custodians of Backpage and Plantation Inn. See Record Document 299. The defense argued that such prior testimony was inadmissible under Federal Rule of Evidence 804 and admitting it would violate Smith's constitutional right to confrontation. See id. at 8. The defense further argued that there was an inadequate showing of witness unavailability. See id. In response to the defense motion, the Government stated:

> Although the Government does not concede that presentation of prior business record related testimony implicates the Confrontation Clause, the Government submits that it is not even necessary to address the substantive merits of such a claim by Smith. . . . Since the filing of its Foreseeable Issues, the Government has located **and** placed under subpoena representatives from Backpage and Plantation Inn. These representatives will authenticate the evidence that was introduced at the first trial (i.e., hotel receipts, Backpage ads, etc.). Therefore, and because the witnesses will be available for cross-examination at trial, Smith's claim of a Confrontation Clause violation is moot.

Record 307 at 2. Thus, because the Government does not intend to use the prior trial testimony of the custodians of Backpage and Plantation Inn, the defense Motion in Limine (Record Document 299) is **DENIED AS MOOT**.

The second Motion in Limine (Record Document 331) was filed *pro se* by Smith at a time when he was represented by counsel. Smith has been ordered to communicate with the Court through his attorney only. See Record Documents 315 & 324. He has likewise been admonished not to file *pro se* motions and memoranda. See Record Document 324. "A criminal defendant does not have the right to 'hybrid representation.'" United States v. Ogbonna, 184 F.3d 447, 449 & n. 1 (5th Cir.1999); United States v. Lopez, 313 F.App'x 730, 731 (5th Cir. 2009). As such, Smith's *pro se* Motion in Limine is an unauthorized motion that can be disregarded by this Court. See Lopez, 313 F.App'x at 731. The Clerk of Court is hereby directed to terminate such motion (Record Document 331).

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of February, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT