**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00184-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TYRONE LARRY SMITH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss Indictment (Record Document 288) filed by the defendant, Tyrone Larry Smith ("Smith"). Smith later supplemented the Motion to Dismiss. See Record Document 283. Smith moves the Court to dismiss the Superseding Indictment and argues that he is entitled to production of transcripts of both the original Grand Jury and the second Grand Jury pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii).[1] See Record Document 288. The Government has opposed the motion. See Record Document 286. For the reasons set forth below, the Motion to Dismiss Indictment (Record Document 288) is **DENIED**.

On August 26, 2015, the Grand Jury issued an Indictment charging Smith and Lacoya Washington with one count of Sex Trafficking of a Minor under 18 U.S.C. § 1591. See Record Document 1. The Grand Jury also charged Smith with one count of Coercion under 18 U.S.C. § 2422. See id. After a bench trial, both Smith and Lacoya Washington were found guilty of all counts. See Record Document 168. The United States Fifth Circuit Court of Appeals reversed the convictions of Smith and

---

[1]Rule 6(e)(3)(E)(ii) provides, "The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

remanded the matter for further proceedings. See Record Document 227. Lacoya Washington's conviction was affirmed. See Record Document 228. The Government filed a Superseding Indictment on September 27, 2018, that again charged Smith with Sex Trafficking of a Minor and Coercion. See Record Document 252. The only substantive difference between the original Indictment and the Superseding Indictment is that the latter includes language that Smith had a "reasonable opportunity to observe B.R." See Record Documents 1 & 252.

Smith moves to dismiss the Superseding Indictment on the grounds that false testimony was presented to the Grand Jury by Federal Bureau of Investigations Special Agent Chris Plants ("Special Agent Plants") as to the original indictment. The alleged false testimony concerned who purchased B.R.'s bus ticket to Louisiana. At the Grand Jury on the original indictment, Special Agent Plants testified that B.R. purchased her own ticket. At the bench trial in July 2016, he testified that a friend purchased the ticket for B.R. Smith contends this conflicting testimony goes to the enticement/coercion element of the charged conduct. He maintains that he was "clearly prejudiced" by the alleged false testimony and the testimony raised "grave doubt that the decision to indict was free from the substantial influence" of the testimony. United States v. Cessa, 861 F3d 121, 141 (5th Cir. 2017).

In his supplement to the Motion to Dismiss Indictment, Smith points to discrepancies in the testimony regarding hotels. See Record Document 283. Smith "shows that, during his grand jury testimony, the federal investigator testified that the minor had advised an undercover agent to come to the Moonrider Inn." See id. at 1. Then at the bench trial, the undercover agent testified that B.R. "initially advised the

undercover agent to come to the Hampton Inn." Id. Smith argues "this calls into question any allegations present[ed] to the grand jury concerning the claim the minor feared for her safety." Id. Smith believes "this information would have influenced the decision of the grand jury to indict." Id. at 2.

"As a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendant." Cessa, 861 F.3d at 141. Dismissal of an indictment is warranted "only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." Id.

At the outset, the Court notes its belief that testimony provided to the original Grand Jury can not form the basis to dismiss the Superseding Indictment. Additionally, the alleged false testimony referred to by Smith is nothing more than minor factual discrepancies that did not substantially influence the decision to indict. In United States v. Whitfield, 590 F.3d 325 (5th Cir. 2009), the Fifth Circuit reviewed the convictions of defendants, a trial attorney and two former state court judges, in connection with a bribery scheme. On appeal, one of the defendants, Whitfield, argued that the district court erred in denying his motion to dismiss the indictment based on prosecutorial misconduct and presentation of false testimony to the grand jury. See id. at 358. The Fifth Circuit found no reversible error, explaining:

> In this case, the grand jury was presented with substantial evidence in support of the Government's allegations against Whitfield. The minor factual error concerning the effect of the fiat was inconsequential. Under the Government's theory of the case, the true significance of the fiat was not that it (eventually) allowed Marks to collect money for medical expenses. Rather, by filing the motion before Whitfield specifically, Minor signified that the time had come for Whitfield to fulfill his part of the bargain. And by issuing the fiat and setting a hearing in his own court, Whitfield understood

that he was bypassing court procedure and effectively assigning the case to himself. Thus, we believe that the error in the indictment and Callender's testimony were not so significant as to "substantially influence" the grand jury's decision to indict Whitfield and thereby cause him prejudice.

Id. at 359. Here, the Government's theory of the case is that Smith coerced B.R. to come to Louisiana to engage in prostitution. As stated by the Government, "who paid for the bus ticket . . . is inconsequential." Record Document 286 at 5. Likewise, the fact of who purchased the ticket does not establish the element of the offence that Smith knowingly coerced a minor to travel in interstate commerce to engage in prostitution. Likewise, whether B.R. feared for her safety is not an element in any of the charged offenses as to Smith. Smith has failed to meet his burden of showing that the alleged false testimony – which this Court has classified as minor factual discrepancies – substantially influenced the decision to indict. Smith has also failed to show he is entitled to the production of any additional transcripts of the original Grand Jury and/or the production of transcripts of the second Grand Jury.[2]

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of February, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2]The Court further notes that Smith had ample opportunity at the July 2016 bench trial to cross-examine any and all witnesses, including Special Agent Plants, regarding their testimony before the Grand Jury. The transcript from the bench trial reveals that Smith did in fact cross-examine Special Agent Plants regarding his Grand Jury testimony. See Record Document 213. See United States v. Kaplan, 886 F.2d 536, 544 (2nd Cir. 1989) (conviction at trial on the charge cures any evidentiary insufficiency at the grand jury stage). Defense counsel is again free to cross-examine Special Agent Plants as to any alleged discrepancies between his trial testimony and Grand Jury testimony.