UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00184-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TYRONE LARRY SMITH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by pro se petitioner, Tyrone Larry Smith ("Smith"). See Record Document 396. The Government responded to the motion. See Record Document 41. Smith filed a reply and a supplemental memorandum. See Record Documents 429, 431. For the reasons set forth below, Smith's Section 2255 Motion is **DENIED**.

**FACTUAL BACKGROUND**

The facts of this case have been set forth in great detail numerous times in the record. Here, the Court will state the facts contained in the United States Court of Appeals for the Fifth Circuit's October 8, 2020 opinion:
Smith trafficked a 14-year-old girl ("B.R.") across state lines. He forced B.R. to take pictures in suggestive poses and posted them to Backpage. Then Smith forced her to have sex with men. When B.R. expressed reluctance or refused, Smith punched her in the face and pointed a gun at her.
     The Shreveport Police Department (S+"SPD") discovered the Backpage advertisements. On July 7, 2015, an SPD officer met B.R. at a hotel under the pretense of prostitution. B.R. told the SPD that she was a minor, that Smith had beaten her, and that he was her pimp. An SPD officer seized Smith's cell phone from the hotel room. Later that night, officers arrested Smith. He provided a statement that he met B.R. online and that he was aware she was having sex with adult men in Shreveport.

Record Document 379 at 2. A more detailed recitation of the facts can be found in the Factual Basis submitted in accordance with Rule 11 and signed by Smith as party of his guilty plea. See Record Document 349-2.

## PROCEDURAL BACKGROUND

On August 15, 2016, Smith was charged by Indictment with one count of sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1) & (b)(1) and one count of interstate prostitution by coercion or enticement in violation of 18 U.S.C. § 2422(a). See Record Document 1. After a bench trial in July 2016, he was found guilty of both counts. The Court considered – and denied – a motion to suppress during the trial. See Record Document 168. The United States Court of Appeals for the Fifth Circuit reversed and remanded for further proceedings. See Record Document 227.

On remand, Joe Woodley ("Woodley"), the attorney who had been standby counsel for Smith during the bench trial and had represented him on appeal, filed two motions to withdraw, which were denied. See Record Documents 229-230, 269-270. The third motion to withdraw was granted on November 14, 2018. See Record Documents 284, 303. While representing Smith, Woodley filed a motion for bill of particulars, a motion for a paralegal, a list of foreseeable issues, proposed jury instructions, proposed voir dire, a motion to appoint an expert witness, a motion to suppress, a supplemental motion to suppress, a motion to recuse, a motion to dismiss the indictment, and a motion in limine to exclude evidence. See Record Documents 236-238, 244-246, 248-250, 276, 280, 282.

On November 15, 2018, Charles H. Kammer, III ("Kammer") was appointed to represent Smith. See Record Document 306. On January 17, 2019, a report and recommendation was issued and recommended the denial of the motions to suppress. See Record Document 329. The defense objected. See Record Document 333. On February 6, 2019, the Court adopted the report and recommendation, denying Smith's motion to suppress and supplemental motion to suppress. See Record Document 336.

On March 7, 2019, pursuant to a written plea agreement, Smith pleaded guilty to sex trafficking, count one of a two-count superseding indictment, which had charged him with one count of sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1) & (b)(1) and one count of interstate prostitution by coercion or enticement in violation of 18 U.S.C. § 2422(a).  See Record Documents 347, 349.  Pursuant to the conditional plea agreement, he reserved the right to appeal the denial of the motion to suppress.  See Record Document 349.  On April 20, 2019, Smith filed a *pro se* motion to withdraw his guilty plea, which the Court denied.  See Record Documents 350, 353.  On August 22, 2019, Smith was sentenced to 600 months' imprisonment.  See Record Document 360.  The United States Court of Appeals for the Fifth Circuit affirmed Smith's conviction and entered its judgment on October 8, 2020.  See Record Document 379.  The mandate was issued on October 30, 2020.  See id.

Smith has now filed a timely Section 2255 motion alleging bias from the district court and ineffective assistance of counsel.  See Record Document 396, 429, 431.  The Government filed a response.  Smith filed a reply and a supplemental memorandum.  See Record Documents 429 & 431.

## I.   Smith's Motion to Suppress

As mentioned previously, Smith filed a motion to suppress evidence discovered during the search of his cell phone prior to his July 2016 bench trial.  See Record Documents 138, 168.  In its October 8, 2020 opinion, the Fifth Circuit discussed the motion to suppress:

> [Smith] argued that officers illegally seized his cell phone from B.R.'s hotel room on the morning of July 7.  Officers eventually got a search warrant for the phone in December 2015.  But Smith argued that forensic

>	analysis of the phone would show that officers accessed it on the day of his arrest – five months before the warrant issued.
>	The district court heard testimony from two competing experts. Smith's expert, a computer examiner, testified that forensic testing on the phone revealed activity between 9:40 a.m. (the time SPD seized it from B.R.'s hotel room) and 9:00 p.m. on July 7. The report revealed some web activity in addition to some "phone calls in and out" and "text messages to and from" the phone. The Government's expert testified that the data presented by Smith's expert was incomplete, that time stamps are often affected by time-zone settings, and that a processing delay between the server and the cell phone could account for the time stamps. Additionally, the Government's expert testified that the phone could have been turned off and on, which could have refreshed the browser and appeared on the forensic report as a new web search.
>	The district court denied Smith's motion to suppress because Smith based it on "speculation and unsupported conclusion."

Record Document 379 at 2-3. On remand and with representation, Smith again filed a motion to suppress the cell phone evidence. See id. at 3. The motion was once more denied because it was based "on mere speculation." Id.

## LAW AND ANALYSIS

I.	**Legal Standards.**

   A.	**Section 2255.**

The federal habeas corpus remedy is contained in 28 U.S.C. § 2255, which provides that a prisoner serving a federal sentence may make a motion to vacate, set aside, or correct his sentence within a year after his conviction has become final. Review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. However, after conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to

presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164 (1982). According to the Supreme Court, "our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless postconviction collateral attacks . . . to the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65.

Consequently, issues that can be presented in a motion filed under Section 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a petitioner wishes to assert issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. To raise an issue for the first time on collateral review, a petitioner must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 U.S. at 168; Shaid, 937 F.2d at 232. To establish "cause," the defendant must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993) (applying the same "cause" standard to a prisoner's second § 2255 motion). To meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

### B. Ineffective Assistance of Counsel.

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504 (2003). This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. See id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See id. Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under Section 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness, and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence. See id. at 690. The defendant may overcome this presumption only by

showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id.

Under the second – or prejudice – prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A claimant must demonstrate that the attorney's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). If a claimant fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Bryant, 28 F.3d at 1415.

In guilty plea cases, the prejudice prong considers whether counsel's constitutionally ineffective performance impacted the outcome of the plea process. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Lee v. United States, 582 U.S. 357, 369 (2017). Instead, courts should consider "contemporaneous evidence to substantiate a defendant's expressed preferences." Id.

II.     Analysis.

In support of his Section 2255 motion, Smith argues that his counsel: (1) failed to challenge the catch all provision of 18 U.S.C. § 1591(a)(1) and (b)(1); (2) failed to use the

previous bench trial and suppression hearing transcripts to bolster his suppression argument; (3) failed to object to Confrontation Clause violations, all in relation to the missing cell phone during the second trial; (4) failed to use grand jury testimony and/or transcripts from the bench trial and suppression hearing transcripts to show that FBI Agent Chris Plants misled the grand jury; (5) failed to properly and skillfully challenge 4th Amendment claims and due process issues; (6) failed to assist and/or protect against the substantial violations of his constitutional rights; (7) failed to object to or challenge the Superseding Indictment; (8) failed to request a hearing or seek an evidentiary process to challenge criminal history points; (9) failed to challenge the 18 U.S.C. § 2422(a) enticement to cross state lines for purposes of prostitution; and (10) failed to challenge the evidence relating to 18 U.S.C. §§ 1591(a)(1), (b)(1) and (b)(2). Smith further contends that his counsel failed to use the record from the prior proceeding in his defense and that there was a presumption of unfairness, prejudice, and bias from the district court.

Pursuant to Fifth Circuit precedent, "[e]ven where counsel has rendered totally ineffective assistance to a defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary. In such case there is no actual and substantial disadvantage to the defense." DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994); United States v. Williams, 116 F. App'x 539, 540 (5th Cir. 2004) ("Furthermore, the conviction must be upheld if the plea was voluntary, even if counsel provided ineffective assistance."). Additionally, sworn statements made "in open court during a plea hearing carry a strong presumption of verity." United States v. Martinez-Molina, 64 F.3d 719, 733 (1st Cir. 1995), citing Blackledge v. Allison, 431 U.S. 63, 74 (1977). Documents signed

by the defendant as part of his guilty are "accorded great evidentiary weight." United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994).

Here, on March 7, 2019, Smith pleaded guilty to sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1) & (b)(1). See Record Document 349. The plea agreement, which Smith signed, contains the following language:

> I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.
>
> . . .
>
> I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Id. at 6. Smith signed an "Understanding of Maximum Penalty and Constitutional Rights," thereby indicating he understood that by pleading guilty, he stood "convicted of the crime charged and waive[d] [his] privilege against self-incrimination, [his] right to jury trial, [his] right to confront and cross-examine witnesses, and [his] right of compulsory process." Record Document 349-1 at 2. He also once again stated that his plea was "free and voluntary." Id. The guilty plea transcript further shows that while under oath, Smith orally indicated he was satisfied with the representation by Kammer. See Record Document 370 at 9. He stated his plea was voluntary. Id. at 18.

Smith's oral sworn statements and the documents he signed at the time of his guilty plea contradict his current arguments regarding his counsel's alleged ineffective performance. No statements contemporaneous with his guilty plea support a finding that Smith would have proceeded to trial but for his attorneys' deficiencies. At the collateral stage, Smith contends that the attorney-client relationship was "non-existent," he was

"disenfranchised," and "had no choice but to enter into a plea agreement." Record Document 429 at 4. Yet, the signed plea documents and the guilty plea transcript directly controvert these claims. Such *post hoc* assertions are insufficient to show a reasonable probability that, but for defense attorneys' errors, Smith would not have changed his plea and would have insisted on going to trial. Thus, Smith's allegations relating to his attorneys' failure to challenge the catch all provision of 18 U.S.C. § 1591(a)(1) and (b)(1); failure to use the previous bench trial and suppression hearing transcripts to bolster his suppression argument; failure to object to Confrontation Clause violations; failure to use grand jury testimony and/or transcripts from the bench trial and suppression hearing transcripts to show that FBI Agent Chris Plants misled the grand jury; failure to properly and skillfully challenge 4th Amendment claims and due process issues; failure to assist and/or protect against the substantial violations of his constitutional rights; failure to object to or challenge the Superseding Indictment; failure to challenge the 18 U.S.C. § 2422(a) enticement to cross state lines for purposes of prostitution; and failure to challenge the evidence relating to 18 U.S.C. §§ 1591(a)(1), (b)(1) and (b)(2) all fail because the record demonstrates that the plea in this matter was voluntary.[1]

Smith also argued that his attorney failed to request a hearing or seek an evidentiary process to challenge criminal history points. In order to show that his attorney's performance at sentencing was prejudicial under Strickland, Smith must demonstrate that counsel's error led to some increase in the length of his imprisonment. See Glover v. United States, 531 U.S. 198, 203 (2001) ("[A]ny amount of actual jail time

---

[1] This ruling pertains to all of Smith's claims relating to his attorneys' handling of pretrial motions, failure to challenge the Indictment, and improper handling of the suppression issues.

has Sixth Amendment significance."); United States v. Herrera, 412 F.3d 577, 581 (2005) (underestimating possible sentence by 27 months constituted deficient performance). Here, the record establishes that Kammer attorney did argue at sentencing that the criminal history points overstated his criminal history. See Record Document 375. Thus, Smith has failed to present any valid objections to the criminal history points.

Finally, Smith maintains that his counsel failed to use the record from the prior proceeding in his defense and that there was a presumption of unfairness, prejudice, and bias from the district court. Smith's argument relating to any failure to use the record from the prior proceeding in his defense has been considered previously. Smith's contention relating to a presumption of unfairness, prejudice, and bias from the district court is conclusory, undeveloped, and unsupported. Smith never explains exactly how the undersigned was biased except that he obviously disagrees with the sentencing decision. While this Court denies any bias against Smith, he has also failed to show a reasonable probability that his sentence would have been lower had his attorneys responded to the Court's alleged bias. Thus, this argument likewise fails.

## CONCLUSION

For the reasons set forth above, Smith's Section 2255 Motion (Record Document 396) is **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts

(emphasis added). Unless a Circuit Judge or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of September, 2025.

_____
United States District Judge