# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00184-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TYRONE LARRY SMITH | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Petition for Reconsideration of the Denial of Certificate of Appealability (Record Document 447) filed by Tyrone Larry Smith ("Smith"). For the reasons set forth below, the motion is **DENIED**.

On September 29, 2025, the Court entered a Memorandum Ruling denying Smith's Motion to Vacate pursuant to 28 U.S.C. § 2255 and denying a Certificate of Appealability ("COA"). See Record Document 445. In that ruling, the Court thoroughly addressed Smith's claims of ineffective assistance of counsel, alleged constitutional violations relating to the suppression of evidence, challenges to the voluntariness of his guilty plea, and assertions of judicial bias. See id. The Court concluded that Smith failed to demonstrate either deficient performance or prejudice, that the record conclusively established the voluntariness of his plea, and that his remaining claims were conclusory, speculative, or otherwise without merit. See id. Accordingly, the Court denied a COA pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings. See id. Smith now seeks reconsideration of the Court's denial of a COA. See Record Document 447.

A certificate of appealability may issue only if the petitioner makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Where a district court has denied constitutional claims on the merits, the petitioner must show that

reasonable jurists would find the Court's assessment of those claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). A motion for reconsideration is not a proper vehicle to re-urge arguments previously raised and rejected or to express disagreement with the Court's ruling. See Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004).

Smith's motion does not identify any intervening change in law, newly discovered evidence, or manifest error of law or fact. See Record Document 447. Instead, he reiterates the same arguments advanced in his § 2255 motion and previously considered and rejected by the Court. See id. Smith has likewise failed to show that reasonable jurists could debate the Court's resolution of his claims or that the issues presented deserve further analysis. His disagreement with the Court's conclusions is insufficient to warrant issuance of a certificate of appealability.

Accordingly, there is no basis to reconsider the Court's prior denial of a COA.

**IT IS ORDERED** that the Petition for Reconsideration of the Denial of Certificate of Appealability (Record Document 447) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of January, 2026.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE